# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| WAKEEL ABDUL-SABUR, | ) |
| | ) |
| | ) Case No. 7:19-cv-674 |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| WELLS FARGO BANK, N.A., | ) |
| | ) By: Michael F. Urbanski |
| Defendant | ) Chief United States District Judge |

## MEMORANDUM OPINION

Plaintiff Wakeel Abdul-Sabur, proceeding pro se, filed a complaint and motion to proceed in forma pauperis ("IFP") on October 7, 2019. ECF Nos. 1, 2. In his complaint, he alleges that Wells Fargo Bank, N.A., (Wells Fargo) opened an unauthorized account in his name. Abdul-Sabur filed a motion to amend or correct his complaint on January 29, 2020. ECF No. 12. The motion to proceed IFP was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation ("R&R") on February 2, 2019, recommending that Abdul-Sabur be granted IFP status, and also recommending that his complaint be dismissed for failure to state a claim and because some of his claims are time-barred. ECF No. 13. Abdul-Sabur filed objections to the R&R on February 24, 2020, ECF No. 14, and this matter is ripe for disposition. For the reasons stated below, the court will **OVERRULE** Abdul-Sabur's objections, **ADOPT** the report and recommendation in its entirety, **GRANT** Abdul-Sabur IFP status, and **DISMISS** his complaint.

**I.**

Abdul-Sabur alleges that at some point in or prior to 2011, he attempted to open an account with Wachovia Bank by mailing a $50.00 money order to the bank along with an application form. Subsequently, customer service advised him that he had submitted an expired application and returned his application and money order. A few weeks later, he received an account statement in his name that showed he had more than $250,000 in his account. ECF No. 2 at 4. Abdul-Sabur alleges that Wells Fargo[1] used the personal information he submitted to Wachovia Bank to open a deposit account in his name and transfer funds into it without authorization. He claims that the unauthorized account was opened in his name by employees trying to meet aggressive sales goals because they were paid monetary incentives to open accounts. In his motion to file an amended complaint, ECF No. 12, he seeks to add individual defendants who he claims paid monetary incentives to employees to commit fraud and identity theft against him.

Based on these facts, he alleges that Wells Fargo (1) committed mail fraud by mailing him a fraudulent account statement indicating that he had an account with more than $250,000 in it between 2011 and 2012; (2) opened an unauthorized account in his name; (3) violated the Unfair Practices prong of Section 5 of the Federal Trade Commission Act by using fraud and unsound practices; (4) committed identity theft; and (5) violated his rights to due process and equal protection.

---

[1] Wells Fargo & Company bought Wachovia Bank in 2008. See https://www.wellsfargo.com/about/corporate/wachovia/ (last viewed March 31, 2020.)

Abdul-Sabur has made several attempts to resolve the issues over the years, including the recent filing of complaints with the Office of the Comptroller of the Currency ("OCC") customer assistance group, and by corresponding with Wells Fargo. However, he has been unable to obtain relief. Abdul-Sabur seeks compensatory, punitive, and exemplary damages, as well as costs.

In the R&R filed on February 10, 2020, the magistrate judge concluded that Abdul-Sabur was entitled to IFP status, but recommended that his complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.[2] The magistrate judge made the following findings:

(1) Abdul-Sabur's claim for identity theft and "unsound practices in violation of the unfair practices prong of Section 5 of the FTC Act" cannot proceed because no private cause of action exists for those claims under the Federal Trade Commission Act;

(2) There is no federal civil cause of action for identity theft;

(3) His Fourteenth Amendment claims fail because the defendant is a private entity rather than the government; and

(4) His remaining claims of mail fraud and opening of an unauthorized account, construed as a claim under the Electronic Funds Transfers Act, are time-barred.

---

[2] **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
**(A)** the allegation of poverty is untrue; or
**(B)** the action or appeal--
**(i)** is frivolous or malicious;
**(ii)** fails to state a claim on which relief may be granted; or
**(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e) (West).

## II.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Techs., Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008)), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985(3)) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed.").

Further, objections that only repeat arguments raised before the magistrate judge are considered general objections to the entirety of the report and recommendation. See Veney, 539 F. Supp. 2d at 845. As the court noted in Veney, 539 F. Supp. 2d at 846:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505], 509 [(6th Cir. 1991)].

A party who reiterates his previously raised arguments will not be given "the second bite at the apple [ ] he seeks." Id. Instead, the re-filed brief will be treated as a general objection, which has the same effect as a failure to object. Id.

### III.

Although Abdul-Sabur filed objections, he did not respond to the magistrate judge's conclusions with regard to each of his claims. Instead, he refers to a class-action settlement involving Wells Fargo, which he identifies as the "Jabbari class action." He asserts that a $142 million settlement was reached with a payout to individuals, but that the "settlement claims [were] put on freeze pending appeal to the U.S. Supreme Court." ECF No. 14 at 1. He requests "to be added to the class action settlement to protect his rights." Id. He also asks for appointment of legal counsel, or, in the alternative, to be provided with the same counsel who represents the class of plaintiffs in the class-action lawsuit. With regard to the finding by the magistrate judge that some of his claims are time-barred, Abdul-Sabur asserts that he misunderstood the customer assistance group of the OCC's recommendation which advised him to protect his legal rights. Id.

5

An internet search of the term "Jabbari class action" shows that a class action styled Jabbari, et. al. v. Wells Fargo & Co., No. 3:15-CV-02159-VC, was filed in the United States District Court for the Northern District of California in 2015. However, this court has no authority to add Abdul-Sabur as a plaintiff in that case. Nor is Abdul-Sabur entitled to appointment of counsel for this civil claim. "Litigants in a civil action are not constitutionally entitled to counsel." Banin v. Byerson, 620 F. App'x. 166, 167 (4th Cir. 2015) (citing Williams v. Ozmint, 716 F.3d 801, 811 (4th Cir.2013)).

Having reviewed the R&R and Abdul-Sabur's objections thereto, the court finds that the conclusions of the magistrate judge are well supported by relevant statutes and case law. Therefore, the court **OVERRULES** Abdul-Sabur's objections, **ADOPTS** the R&R in its entirety, **GRANTS** Abdul-Sabur IFP statuts, and **DISMISSES** his lawsuit without prejudice. All remaining motions are **DENIED** as moot.

An appropriate order will be entered.

Entered: April 2, 2020

Michael F. Urbanski

Digitally signed by Michael F. Urbanski
DN: cn=Michael F. Urbanski, o=Western District of Virginia, ou=United States District Court, email=mikeu@vawd.uscourts.gov, c=US
Date: 2020.04.02 16:50:53 -04'00'

Michael F. Urbanski
Chief United States District Judge